# EXHIBIT 1

BETWEEN

**VPC IMPACT ACQUISITION HOLDINGS II (IN OFFICIAL LIQUIDATION)**

and

**VPC IMPACT ACQUISITION HOLDINGS SPONSOR II, LLC**

and

**ATG FUND II LLC on behalf of itself and the Class (as defined herein)**

and

**FUNICULAR FUNDS, LP**

**and**

**CAMAC FUND, LP**

and

**BRENDAN CARROLL**

and

**GORDON WATSON**

and

**CARLY ALTIERI**

and

**JOHN MARTIN**

and

**KAI SCHMITZ**

---

**STIPULATION AND AGREEMENT OF SETTLEMENT, COMPROMISE, AND RELEASE (THE "SETTLEMENT AGREEMENT")**

---

**CONTENTS**

| | | |
|---|---|---|
| 1. | INTERPRETATION | 4 |
| 2. | PRELIMINARY APPROVAL | 7 |
| 3. | SETTLEMENT AMOUNT | 7 |
| 4. | SETTLEMENT FUND | 8 |
| 5. | DISMISSAL OF PROCEEDINGS AND COURT APPROVAL OF SETTLEMENT; CONDITIONS OF SETTLEMENT | 8 |
| 6. | RELEASES | 10 |
| 7. | NO ADMISSION OF WRONGDOING | 12 |
| 8. | NOT A CLAIMS-MADE SETTLEMENT | 13 |
| 9. | SETTLEMENT ADMINISTRATOR | 13 |
| 10. | FEES AND COSTS | 13 |
| 11. | WITHOUT PREJUDICE | 14 |
| 12. | ROLE AND INDEMNIFICATION OF THE JOLS | 15 |
| 13. | ENTIRE AGREEMENT | 15 |
| 14. | WARRANTIES | 15 |
| 15. | VARIATION | 16 |
| 16. | WAIVER | 16 |
| 17. | SEVERANCE | 16 |
| 18. | GOVERNING LAW | 16 |
| 19. | JURISDICTION | 17 |

**This Settlement Agreement is dated** 12 June 2024.

**PARTIES**

(A)     VPC Impact Acquisition Holdings II (In Official Liquidation) (the "**Company**"), acting at all times by its Joint Official Liquidators, Alexander Lawson and Christopher Kennedy of Alvarez & Marsal Cayman Islands Limited, solely in their representative capacity (the "**JOLs**")

(B)     VPC Impact Acquisition Holdings Sponsor II, LLC (the "**Sponsor**")

(C)     ATG Fund II LLC (the "**Lead Plaintiff**"), on behalf of itself and the Class (as defined below)

(D)     Funicular Funds, LP ("**Funicular**")

(E)     Camac Fund, LP ("**Camac**")

(F)     Brendan Carroll

(G)     Gordon Watson

(H)     Carly Altieri

(I)     John Martin

(J)     Kai Schmitz (collectively, the individuals identified in parts (F) through (J), the "**Individual Party Defendants**") (each separately a "**Party**" and collectively, the "**Parties**")

**WHEREAS**

A.     On 8 March 2023, the Lead Plaintiff filed a class action complaint, which was subsequently amended on 20 February 2024 (the "**Complaint**"), on behalf of a putative class of all Class A Shareholders of the Company against the Company, the Sponsor, the Individual Party Defendants and Joseph Lieberman (together, the "**U.S. Defendants**") in the United States District Court for the Southern District of New York (the "**U.S. Court**") in an action captioned *ATG Fund II LLC v. VPC Impact Acquisition Holdings II et al.*, 23-cv-01978 (JSR), (the "**New York Action**").

B.     On 17 March 2023, Funicular filed a petition for the winding up of the Company captioned *In re VPC Impact Acquisition Holdings II (In Official Liquidation)*, FSD No. 73 of 2023 (DDJ), (the "**Cayman Petition**") in the Grand Court of the Cayman Islands (the "**Cayman Court**") on just and equitable grounds.

C.     On 7 April 2023, the Company was placed into voluntary liquidation and Alexander Lawson and Christopher Kennedy of Alvarez & Marsal Cayman Islands Limited were appointed as joint voluntary liquidators.

D.     On 5 May 2023, the Cayman Petition was dismissed by consent.

E.     On 5 July 2023, the Cayman Court appointed the joint voluntary liquidators as joint official liquidators of the Company and the liquidation of the Company was brought under the Cayman Court's supervision in a proceeding captioned *In re VPC Impact Acquisition Holdings*

2

*II (In Official Liquidation)*, FSD No. 120 of 2023 (MRHCJ) before the Cayman Court (the "***Cayman Liquidation***").

F.   On 7 September 2023, the JOLs filed a petition for recognition of the Cayman Liquidation proceeding as a foreign main proceeding under chapter 15 of title 11 of the United States Code, captioned *In re VPC Impact Acquisition Holdings II (In Official Liquidation),* Case No. 23-11551 (MEW) (Bankr. S.D.N.Y.) (the "***Chapter 15 Proceeding***"), in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").

G.   On 29 September 2023, the Parties entered a Conciliation Agreement pursuant to which they agreed to attempt to find a commercial resolution to the dispute between them as to the termination fee received by the Company as a result of a failed business combination with FinAccel Pte. Ltd. (d.b.a. Kredivo) (the "***Termination Fee***"), including as set out in the New York Action.

H.   On 2 October 2023, the JOLs filed a Summons for Directions and an affidavit in support thereof (together, the "***Summons for Directions***") seeking directions from the Cayman Court that either (a) in the event a settlement agreement is reached between the Parties, the hearing of the Summons for Directions will be for the purposes of obtaining Cayman Court approval of the settlement, or (b) in the event that a settlement agreement is not reached between the Parties, further directions in relation to the Termination Fee dispute between the Parties, and further conduct of the liquidation, be provided (the "***Cayman Action***").

I.   On 3 October 2023, as part of the conciliation process, the JOLs facilitated a one-day conciliation between representatives for the Lead Plaintiff, Funicular and Camac (the "***Ad Hoc Group***") on the one hand, and the Sponsor and the Individual Defendants on the other. A settlement could not be reached between the Parties on this date. However, the Parties continued the settlement discussions in the months which followed.

J.   On 6 November 2023, the Bankruptcy Court entered an order recognizing the Cayman Liquidation proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517.

K.   On February 2, 2024, the Bankruptcy Court entered an order denying the JOLs' application for a stay of proceedings in the New York Action against defendants other than the Company and modifying the automatic stay under the Bankruptcy Code to permit the New York Action to proceed.

L.   On 5 March 2024, the U.S. Defendants and JOLs filed motions to dismiss the New York Action (the "***Motion to Dismiss***").

M.   On 15 March 2024, the Lead Plaintiff filed an opposition to the Motion to Dismiss.

N.   On 28 March 2024, after extensive arm's-length, settlement discussions, the Parties informed the U.S. Court that a settlement had been reached.

O.   On May 17, 2024, Lead Plaintiff conducted a deposition to further confirm its view as to the maximum potential recovery in this action.

P.  During the pendency of the New York Action, Joseph Lieberman died. The Parties agree that Joseph Lieberman's heirs, executors and estate are express beneficiaries of the releases contained herein and entitled to enforce the same.

Q.  It is stipulated and agreed between Lead Plaintiff (individually and on behalf of all other members of the Class), Funicular, Camac, the Company, the Sponsor and the Individual Party Defendants that, in consideration of the benefits flowing to the Parties from this agreement, all claims by and between the Parties are fully, finally, and forever released and the New York Action and the Cayman Action are both dismissed with prejudice.

**DEFINED TERMS**

**1.    INTERPRETATION**

1.1    **Definitions:**

*Class A Shares* means the Class A shares of the Company which were beneficially issued to public shareholders in the Company's initial public offering.

*Class A Shareholders* means the holders of Class A Shares whose shares were redeemed as at the Redemption Date.

*Class B Shares* means the Class B shares of the Company which were issued to the Class B Shareholders.

*Class B Shareholders* means the Sponsor, Adrienne Harris, Joseph Lieberman, Kai Schmitz, and Al Periu.

*Class* means all persons who held a legal or beneficial interest in Class A Shares of the Company as at the Redemption Date, whose shares were redeemed, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such holders, and which for the avoidance of doubt includes any legal and natural persons who held a legal or beneficial interest in such shares, but excluding:

(a)    the Company;

(b)    the Sponsor;

(c)    the Individual Defendants;

(d)    any person who is, or was at the Redemption Date a trustee, officer, or director of the Sponsor;

(e)    the immediate family members, legal representatives, heirs, successors-in-interest, transferees, or assignees, of any of the persons listed in Clause (a) to (d); and

(f)    any trusts, estates, entities, or accounts that held Class A Shares for the benefit of any of the persons listed in Clause (a) to (e) (each separately an "*Excluded Party*" and collectively, the "*Excluded Parties*").

***Class Member*** means any member of the Class.

***Company Released Parties*** means the Company and its heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, insurers, agents, employees, advisors, immediate family members, successors, and assigns, in their capacities as such.

***Final Approval Hearing*** means the hearing set by the New York Court to consider final approval of the Settlement.

***Individual Defendants*** means the following individuals named as defendants in the New York Action: Brendan Carroll, Gordon Watson, Carly Altieri, John Martin, Joseph Lieberman, and Kai Schmitz.

***Individual Defendants Released Parties*** means the Individual Defendants and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, insurers, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, advisors, immediate family members, successors, and assigns, in their capacities as such.

***Lead Counsel*** means Morris Kandinov LLP.

***Lead Plaintiff*** means ATG Fund II LLC and its heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, successors, and assigns, in their capacities as such.

***Letter Agreement*** means the 4 March 2021 agreement entered into by the Company, the Sponsor, and the Individual Defendants.

***Preliminary Approval Order*** means the order, substantially in the form attached hereto as Exhibit A, to be entered by the New York Court, preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

***Proceeding Released Claims*** means all claims and causes of action, rights, liabilities, suits, debts, obligations, objections, demands, damages, losses, judgments, matters, issues of every nature, and description whatsoever, including Unknown Claims, whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule or regulation that relate to or arise from (i) the filing, prosecution, or defence of the New York Action, or the Cayman Action, Cayman Liquidation, Cayman Petition, or Chapter 15 Proceedings; or (ii) the distribution of the Company's assets. For the avoidance of doubt, the Proceeding Released Claims do not include any claims relating to the enforcement of this Agreement or claims based on conduct that occurs after the Effective Date of the Settlement.

***Redemption Date*** means the date of the redemption of Class A Shares, which was effective as of 21 March 2023.

***Released Claims*** means any and all actions, causes of action, counterclaims, cross-claims, defenses, suits, contributions, debts, dues, sums of money, accounts, reckonings, bonds, bills, liens, specialties, covenants, contracts, controversies, agreements, promises, obligations,

variances, trespasses, damages, judgments, matters, issues, extents, executions, rights, claims, objections, demands, liabilities, losses, rights to reimbursement, subrogation or indemnification, payments, costs, fees and expenses (including attorneys' fees and expenses), of any kind or nature whatsoever, whether direct, derivative or representative, whether in law or in equity, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or indefinite, direct or indirect, hidden or concealed, which the applicable party had, has or may have been legally entitled to assert in its own right or on behalf of any other person, party or entity, arising out of or related in any way to any act, circumstance, event, matter, fact, transaction, occurrence or omission, which occurred or arose, in whole or in part, from the beginning of time through and including the Effective Date of the Settlement, and (i) relate to any of the facts or circumstances alleged in the Complaint, including but not limited to the Letter Agreement, the Termination Fee, the distribution of the Company's assets, the decision to redeem the Class A Shareholders and/or the redemption of the Class A Shareholders; (ii) were or could have been asserted by the Class Members in the New York Action, Cayman Action, Cayman Liquidation, Cayman Petition, or Chapter 15 Proceedings; or (iii) relate to or arise from the filing, prosecution, or defense of the New York Action, the Cayman Action, Cayman Liquidation, Cayman Petition, or Chapter 15 Proceedings. For the avoidance of doubt, the Released Claims do not include any claims relating to the enforcement of this Agreement or claims based on conduct that occurs after the Effective Date of the Settlement.

**Sanction Application** means the sanction application that the JOLs shall file seeking the Cayman Court's approval of the Settlement pursuant to Clause 5.1.

**Settlement Administrator** means the firm appointed and authorised by the U.S. Court to supervise and administer the settlement procedure.

**Settlement** means this Settlement Agreement and the settlement contained therein.

**Settlement Notice** means the notice of (i) proposed settlement; (ii) settlement hearing; and (iii) motion for attorneys' fees and litigation expenses.

**Settlement Fund** means the Settlement Amount which has the meaning given in Clause 3, plus any and all interest earned thereon after the date hereof.

**Sponsor** means VPC Impact Acquisition Holdings Sponsor II, LLC.

**Sponsor Released Parties** means Sponsor, its affiliates, Victory Park Capital Advisors, LLC and any funds, accounts, co-investment vehicles and/or other investment vehicles managed, advised, administered, arranged, sponsored, or serviced by Victory Park Capital Advisors, LLC or its affiliates, and each of the foregoing's respective existing, former and future heirs, legal representatives, attorneys, advisors, consultants, fiduciaries, principals, managers, investment managers, members, investors, equity holders, representatives, executors, administrators, predecessors, insurers, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, successors, and assigns, in their capacities as such.

**Unknown Claims** means any Released Claims or Proceeding Released Claims (as applicable) that the Party does not know or suspect to exist in his, her, or its favour at the time

of the Settlement, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.

***U.S. Court*** means the United States District Court for the Southern District of New York.

***U.S. Defendants*** means the Defendants in the New York Action—specifically, the Company, the Sponsor, and the Individual Defendants.

## 2. PRELIMINARY APPROVAL

2.1 Promptly upon execution of this Settlement Agreement, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of the Final Approval Hearing, which motion shall be unopposed by any of the Parties. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the New York Court for, and the Parties shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. The Parties shall request that the Final Approval Hearing be scheduled for a date at least 100 days from the date of the Court's entry of the Preliminary Approval Order.

2.2 Solely for purposes of effectuating the Settlement, and for no other purpose, the Parties stipulate and agree to: (i) certification of the Class pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure; (ii) appointment of Lead Plaintiff, Camac and Funicular as representatives for the Class; and (iii) appointment of Lead Counsel as counsel for the Class.

2.3 In the event the Settlement is terminated, or the Effective Date for any reason does not occur, certification of the Class shall be nullified and voided, the New York Action shall proceed as though the Class had never been certified, and none of the Parties or any other person shall suggest in the New York Action that any inference of any kind should be drawn from the Class proposed in the Settlement.

## 3. SETTLEMENT AMOUNT

3.1 Within thirty (30) days of the date the U.S. Court enters the Preliminary Approval Order, the Sponsor, Individual Party Defendants and/or their insurer(s) shall pay or cause to be paid to the Company $9,221,291 consisting of (i) Seven Million Dollars ($7,000,000) and (ii) liquidation estate costs of $2,221,291 (the "***Consideration***").

3.2 Within five (5) business days of receipt of the amount specified in section 3.1, the Company shall set aside Seven Million Dollars ($7,000,000) and ensure it is held in an interest-bearing account for the benefit of the Class (the "***Settlement Amount***"). The Settlement Amount so set aside, plus any and all interest earned thereon, shall be the Settlement Fund.

3.3 The Settlement Amount is an all-in settlement number, meaning that it includes an award by the U.S. Court of fees, expenses, costs, or other amounts to Lead Counsel and/or Lead Plaintiff, as well as any other administrative costs and expenses associated with the dealing with or administrating the Class.

3.4 The Settlement Agreement, including the Settlement Amount, requires the approval of the Cayman Court and the U.S. Court.

## 4. SETTLEMENT FUND

4.1 The Settlement Fund shall be used to pay:

    (a) any taxes owed with respect to the Settlement Fund;

    (b) any notice and administration costs;

    (c) any litigation expenses awarded by the U.S. Court;

    (d) any attorneys' fees awarded by the U.S. Court; and

    (e) any other costs and fees approved by the U.S. Court.

4.2 The balance in the Settlement Fund, that is, the "***Net Settlement Fund***," shall be distributed to Class Members on a pro-rata basis on or after the Effective Date.

4.3 The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of applicable Treasury Regulations and that Lead Counsel, as administrators of the Settlement Fund, shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any taxes owed with respect to the Settlement Fund. The Company, the Sponsor, and the Individual Defendants shall not have any liability or responsibility for any such taxes.

4.4 All notice and administration costs will be paid from the Settlement Fund. Notice and administration costs shall include, without limitation, the actual costs of distributing the Class notice and Settlement Agreement notice, publishing the summary notices, and the administrative expenses incurred and fees charged by a Settlement Administrator, if any, in connection with providing notice and administering the Settlement Fund.

## 5. DISMISSAL OF PROCEEDINGS AND COURT APPROVAL OF SETTLEMENT; CONDITIONS OF SETTLEMENT

5.1 **Cayman Liquidation**

    (a) Within ten (10) Business Days of the date the U.S. Court enters the Preliminary Approval Order, the JOLs shall file a Sanction Application with the Cayman Court seeking approval of the Settlement in the terms set out in this Agreement.

    (b) The Parties shall not oppose the JOLs' Sanction Application referred to in Clause 5.1(a).

    (c) This Agreement shall not in any way impact, limit, or impose any restriction on the JOLs' capacity to exercise their powers and carry out their duties as JOLs of the Company in the Cayman Liquidation or in any other proceeding.

5.2    **New York Action**

(a)    By any deadline established by the U.S. Court, and no later than ten (10) Business Days from the execution by the Parties of this Agreement, the Lead Plaintiff shall move for approval by the U.S. Court of the Settlement and upon such approval (and approval of the Settlement by the Cayman Court), the New York Action and all claims asserted therein shall be dismissed with prejudice.

5.3    The "*Effective Date*" of the Settlement shall be deemed to occur on the occurrence or written waiver of all of the following events, which events the Parties shall use their best efforts to achieve:

(a)    the U.S. Court's final approval of the Settlement Agreement;

(b)    the U.S. Court's entry of a judgment (substantially in the form attached hereto as Exhibit B), including releases materially in the form set out in Clause 6, and the dismissal with prejudice of the New York Action as to all U.S. Defendants, without the award of any damages, costs, or fees, except as provided for in this Settlement Agreement;

(c)    the judgment referenced in Clause 5.3(b) becoming final after the expiration of any right of any Party or Class Member to appeal any judgment in the New York Action, or after approval of this Settlement Agreement and corresponding judgment have been affirmed in their entirety by the court of last resort to which an appeal has been taken and such affirmance is no longer subject to further appeal or review; and

(d)    final approval of the Settlement Agreement by the Cayman Court via the Sanction Application.

5.4    The releases set forth in Clause 6 below shall be given full effect upon the occurrence of the Effective Date.

5.5    In the event that the Effective Date fails to occur, the Lead Plaintiff, Funicular, Camac, and the Class shall have no right to the Settlement Amount or the Settlement Fund. The New York Action and the Cayman Action shall proceed in accordance with the guidance provided by the respective courts in those actions, and the Parties shall revert to their respective positions as of 28 March 2024 and the Settlement Fund shall be returned as directed by the Sponsor and the Individual Party Defendants.

(a)    In the event that the Effective Date fails to occur, any notice and administration costs, taxes, or tax expenses paid or incurred, including any related fees, shall not be returned or repaid.

5.6    The U.S. Court's approval of the Settlement Agreement shall be required to bind the Class to the terms of this Agreement.

5.7    In the event that the Effective Date fails to occur, the Company shall have no right to the Consideration, and the Consideration shall be returned as directed by the Sponsor and the Individual Party Defendants.

5.8    The Parties agree that, save for this Clause 5 and Clauses 1, 7, 11, 12, 14.1, 15 and 19, in order for this Agreement to be binding and effective, approval of the Settlement in the terms set out in this Section 5 must be obtained from both the U.S. Court and the Cayman Court.

## 6.    RELEASES

6.1    **Lead Plaintiff, Funicular, Camac and the Class**

(a)    Lead Plaintiff, Funicular, Camac and each of the other members of the Class, on behalf of themselves and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against the Company Released Parties, the Sponsor Released Parties, and the Individual Defendants Released Parties and each of their respective insurers, including any Unknown Claims, as defined above, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against the Company Released Parties, the Sponsor Released Parties, and the Individual Defendants Released Parties in any forum, and in any jurisdiction. Lead Plaintiff, Funicular, Camac and Class Counsel represent and warrant that none of Lead Plaintiff's, Funicular's, Camac's or, to their knowledge, the Class Members' Released Claims have been assigned, encumbered, or in any manner transferred in whole or in part.

6.2    **The Company, the Sponsor, and the Individual Party Defendants**

(a)    The Company, the Sponsor, and the Individual Party Defendants on behalf of themselves, and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Proceeding Released Claim, including any Unknown Claims, as defined above, against Lead Plaintiff, Funicular, Camac and all members of the Class, and shall forever be barred and enjoined from prosecuting any or all such claims against Lead Plaintiff, Funicular, Camac, or any member of the Class in any forum, in any jurisdiction.

(b)    The Company on behalf of itself and its respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Sponsor Released Parties and the Individual Defendants Released Parties, and shall

forever be barred and enjoined from prosecuting any or all such claims against the Sponsor Released Parties and the Individual Defendants Released Parties in any forum, in any jurisdiction.

(c) The Sponsor and Individual Party Defendants, on behalf of themselves and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Proceeding Released Claim against the Company, and shall forever be barred and enjoined from prosecuting any or all such claims against the Company in any forum, in any jurisdiction. For the avoidance of doubt, the releases in this Clause do not apply to claims explicitly preserved by the terms of this Agreement, including, without limitation, any rights or claims arising under Clause 6.5.

6.3 **Release of Unknown Claims**

With respect to any and all Released Claims of Lead Plaintiff, Funicular, Camac, any Class Member, or the Proceeding Released Claims of Sponsor and Individual Party Defendants, the Parties stipulate and agree that Lead Plaintiff, Funicular, Camac, and the Sponsor and Individual Party Defendants shall expressly waive, and each of the other Class Members by operation of law shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

6.4 Lead Plaintiff, Funicular, Camac, and the Sponsor and Individual Party Defendants acknowledge, and each of the other Class Members by operation of law are deemed to acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the Parties' Released Claims or Proceeding Released Claims, as applicable, but that it is the intention of the Parties, and the other Class Members by operation of law, to completely, fully, finally, and forever extinguish any and all Released Claims or Proceeding Relief Claims of any Party or Class Member, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may exist hereafter, and without regard to the subsequent discovery of additional or different facts. The Parties also acknowledge, and each of the other Class Members by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of Released Claims is separately bargained for and is a key element of the Settlement.

6.5 Subject to the next sentence, by this Agreement, any and all Released Claims or Proceeding Released Claims that the Parties may have in connection with the assets of the Company or

by virtue of their status as shareholders or former shareholders of the Company are fully, finally, and forever released. Notwithstanding any of the above releases or any other provision of this Agreement, the Parties (including Funicular, Camac and Lead Plaintiff, on behalf of itself and the Class), acknowledge and agree that any and all surplus assets of the Company (which for the avoidance of doubt shall not include the Settlement Fund but shall include any other cash or warrants), net of any creditor claims and costs and expenses of the liquidation of the Company, shall be distributed to the Class B Shareholders.

6.6     The releases referred to in Clauses 6.1 and 6.2 above do not cover any claims by the Parties in relation to the enforcement of this Agreement or conduct occurring after the Effective Date.


7.      **NO ADMISSION OF WRONGDOING**

7.1     The Company, the Sponsor, and the Individual Party Defendants deny any and all wrongdoing, misconduct, liability, fact, fault, assertion, allegation or illegality, and maintain that they have meritorious defenses in the New York Action and the Cayman Action. This Settlement Agreement is entered into solely to resolve, settle and compromise disputed matters so as to avoid the cost, expense and effort associated with continuing the dispute.

7.2     This Agreement, and the communications and/or discussions leading to its execution, shall not be used against:

(a)     The Company, the Sponsor, or the Individual Defendants in the New York Action, Chapter 15 Proceedings, Cayman Action, Cayman Liquidation, Cayman Petition, or any other proceeding, in any jurisdiction, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by the Company, the Sponsor, and any of the Individual Defendants with respect to the truth of any fact alleged by the Lead Plaintiff, Funicular or Camac or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in any of the foregoing proceedings, or in any litigation, or of any liability, fault or wrongdoing of any kind of the Company, the Sponsor, and any of the Individual Defendants, all of which is denied by the Company, the Sponsor and the Individual Defendants; and

(b)     Lead Plaintiff, Funicular or Camac in the New York Action, Chapter 15 Proceedings, Cayman Action, Cayman Liquidation, Cayman Petition, or any other proceeding, in any jurisdiction, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Lead Plaintiff, Funicular or Camac with respect to the truth of any fact alleged by the Company, the Sponsor, and any of the Individual Defendants or the validity of any defense that was or could have been asserted or the deficiency of any claim that has been or could have been asserted in any of the foregoing proceedings, or in any litigation, or of any liability, fault or wrongdoing of any kind of Lead Plaintiff or any Class Member.

## 8. NOT A CLAIMS-MADE SETTLEMENT

8.1 The Parties agree that the Settlement is not a claims-made settlement. The Company shall have no right to the return of the Settlement Amount, or any portion thereof, for any reason whatsoever other than those set forth herein.

## 9. SETTLEMENT ADMINISTRATOR

9.1 The Lead Plaintiff, in consultation with the JOLs, will appoint a Settlement Administrator.

9.2 Neither the Company, the Sponsor, nor any of the Individual Defendants, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Settlement Administrator, the administration of the Settlement Fund, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, Funicular, Camac or any other members of the Class, or Lead Counsel in connection with the foregoing. The Company and the JOLs shall cooperate in the administration of the Settlement Amount to the extent reasonably necessary to effectuate its terms.

9.3 To the largest extent practical, Lead Counsel and the Settlement Administrator will utilize the Depository Trust Company ("**DTC**") to effect the distribution of the Net Settlement Fund to the Class in the same manner as the prior distribution payments to Class A Shareholders. No claim form will be required in order for a member of the Class to receive payment from the Net Settlement Fund. The Net Settlement Fund shall be distributed pro rata to Class Members.

9.4 The Parties acknowledge that the DTC will not distribute the Net Settlement Fund to the Class, without authorization from those who have been excluded from the Class for their accounts to be suppressed from the distribution of the Net Settlement Fund. To the best of the Parties' knowledge, no Excluded Party held Class A shares on the Redemption Date.

9.5 Lead Counsel shall be responsible for supervising the administration of the Settlement Fund and the disbursement of the Net Settlement Fund subject to U.S. Court approval. Neither the Company, the Sponsor, nor any of the Individual Defendants shall be permitted to review, contest, or object to any decision of Lead Counsel or, if applicable, the Settlement Administrator with respect to the distribution of the Net Settlement Fund.

## 10. FEES AND COSTS

10.1 **Lead Counsel and Lead Plaintiff's Attorneys' Fees and Expenses**

(a) Lead Counsel shall apply to the U.S. Court for an award of attorney's fees, costs and expenses, which shall be paid solely from the Settlement Fund. Lead Counsel's application for attorneys' fees and/or litigation expenses is not the subject of agreement between the Company or the Lead Plaintiff. In addition, Lead Plaintiff shall apply to the

U.S. Court for an incentive award, which shall be paid solely from the Settlement Fund if and to the extent approved by the U.S. Court.

(b)     Any attorneys' fees, incentive award, and litigation expenses that are awarded by the U.S. Court shall be paid immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on this Agreement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Settlement Agreement or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after receiving from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or litigation expenses by a non-appealable order, or notice of the termination of this Agreement. Any disapproval or modification of an application for an award of attorneys' fees and/or litigation expenses by the U.S. Court shall not affect the enforceability of this Agreement, nor provide any of the Parties with the right to cancel or terminate this Agreement, nor impose an obligation on the Company to increase the compensation paid in connection with the settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of this Agreement, or the Releases provided herein.

(c)     The Company, the Sponsor, and the Individual Party Defendants shall have no responsibility or liability whatsoever with respect to the allocation or award of attorneys' fees or litigation expenses. For the avoidance of doubt, the attorneys' fees and litigation expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund as approved by the U.S. Court.

10.2    **Parties to Otherwise Bear their Own Costs**

(a)     Subject to Clauses 4.1 and 10.1, the Parties shall bear their own costs.

(b)     Upon this Agreement becoming effective, the Parties shall cause their attorneys to execute and file consent orders in connection with the Cayman Action and the Cayman Petition, in both cases to the effect that there shall be no order as to the costs of those proceedings.


**11.     WITHOUT PREJUDICE**

11.1    All documents produced and any discussions or oral presentations that occur, for the purposes of the Settlement, shall be strictly confidential as between the Parties and shall:

(a)     be conducted on a "without prejudice" basis, confidential, for settlement purposes only and subject to U.S. Federal Rule of Evidence 408;

(b)     be privileged;

(c)    be inadmissible in any proceedings, whether in the Cayman Islands, the U.S. Court, or in any other court in any other jurisdiction;

(d)    not subject to use in any other proceeding for cross-examination;

(e)    not be subject to disclosure in any other proceedings whatsoever;

(f)    not subject to production in any other proceeding whatsoever;

(g)    not constitute any waiver of privilege whether between the Parties or between any of them and a third party; and

(h)    not form the basis of, or any representation in relation to, any potential, current or future legal claim or proceedings, except a proceeding to enforce the terms of the Settlement.

## 12.    ROLE AND INDEMNIFICATION OF THE JOLS

12.1    The JOLs are not parties to this Agreement.

12.2    The JOLs, solely in their capacity as joint official liquidators of the Company and without personal liability, acknowledge the Settlement in the terms of this Agreement and approve the Company executing this Agreement.

12.3    The Parties agree not to call the JOLs as a witness to give evidence regarding the Settlement. If any of the Parties act in breach of this Clause, that Party will fully indemnify the JOLs in respect of reasonable costs incurred in such legal proceedings.

## 13.    ENTIRE AGREEMENT

13.1    This Agreement is intended by the Parties to be a binding agreement that sets forth all material terms and obligations of the Parties in connection with the Settlement, and the Parties shall use their best efforts to consummate the Settlement contemplated herein.

13.2    This Agreement constitutes the entire agreement between the Parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations and understandings between them, whether written or oral, relating to the Settlement.

## 14.    WARRANTIES

14.1    Each Party and their legal representatives warrant and represent that they have authority to enter into this Agreement on behalf of the Party and/or their respective clients, respectively, subject only to the approval of the U.S. Court and the Cayman Court.

14.2    Each Party agrees that it shall have no remedies in respect of any statement, representation, assurance or warranty (whether made innocently or negligently) that is not set out in this Agreement.

14.3    Each Party agrees that it shall have no claim for innocent or negligent misrepresentation or misstatement based on any statement in this Agreement.

14.4 The Parties warrant and represent that they have complied fully with the strictures of Rule 11 of the U.S. Federal Rules of Civil Procedure.

14.5 The Parties intend this Agreement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiff, Funicular, Camac and any other Class Members against the Company, the Sponsor, and the Individual Party Defendants with respect to the Released Claims. Accordingly, Lead Plaintiff, Funicular, Camac and its counsel and the Company, Sponsor, and the Individual Party Defendants and their counsel agree not to assert in any forum that the New York Action, the Cayman Action or the Cayman Petition were brought by Lead Plaintiff, Funicular or Camac or defended by the Company, the Sponsor, and the Individual Defendants in bad faith. Lead Plaintiff, Funicular, Camac, the Company, the Sponsor, and the Individual Party Defendants represent and agree that the terms of this Agreement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

## 15. VARIATION

15.1 No variation or modification of this Agreement shall be effective unless it is in writing and signed by the Parties (or their legal representatives), which have executed this Agreement.

## 16. WAIVER

16.1 No failure or delay by a Party to exercise any right or remedy provided under this Agreement or by law shall constitute a waiver of that or any other right or remedy, nor shall it prevent or restrict the further exercise of that or any other right or remedy. No single or partial exercise of such right or remedy shall prevent or restrict the further exercise of that or any other right or remedy.

## 17. SEVERANCE

17.1 If any provision or part-provision of this Agreement is determined by a final judgment of a court of competent jurisdiction to be invalid, illegal or unenforceable, that provision or part-provision shall be deemed deleted, but that shall not affect the validity and enforceability of the rest of this Agreement.

17.2 If any provision or part-provision of this Agreement is deemed deleted under Clause 17.1, the Parties shall have 10 business days from the date of such determination to negotiate in good faith to agree to a replacement provision that, to the greatest extent possible, achieves the intended commercial result of the original provision.

## 18. GOVERNING LAW

18.1 This Agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it, shall be governed by and construed and enforced in accordance with New York law without regard to its choice of law rules that may require or permit the application of the law of another jurisdiction.

## 19.    JURISDICTION

19.1    Each Party irrevocably and unconditionally consents to the exclusive jurisdiction of the U.S. Court for any dispute or claim arising out of or relating to the subject matter, formation, or enforcement of this Agreement, and agrees not to commence any action, suit or proceeding except in such court.

**EXECUTION PAGE**

VPC Impact Acquisition Holdings II (In Official Liquidation)

By:  Alexander Lawson
Title:  Joint Official Liquidator

VPC Impact Acquisition Holdings Sponsor II, LLC
By: Victory Park Management, LLC

Name: Scott R. Zemnick
Title: Authorized Signatory

ATG Fund II LLC, on behalf of itself and as representative of the Class

By: Gabi Gliksberg

Camac Fund, LP

By: Eric Shahinian

Funicular Funds, LP

By: Jacob Ma-Weaver

Brendan Carroll

Gordon Watson

Carly Altieri

John Martin

Kai Schmitz

18

# EXHIBIT A

| | |
|---|---|
| ATG FUND II LLC, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>VPC IMPACT ACQUISITION HOLDINGS SPONSOR II, LLC, BRENDAN CARROLL, GORDON WATSON, CARLY ALTIERI, JOHN MARTIN, JOSEPH LIEBERMAN, and KAI SCHMITZ,<br><br>　　　　　　　　Defendants,<br><br>-and-<br><br>VPC IMPACT ACQUISITION HOLDINGS II,<br><br>　　　　　　　　Nominal Defendant. | Civil Action No. 23-1978-JSR |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, the above-captioned putative class and derivative action (the "Action") is pending in this Court.

WHEREAS, (a) lead plaintiff ATG Fund II LLC ("ATG" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below); and (b) VPC Impact Acquisition Holdings II ("VPCB" or the "Company"), acting through its Joint Official Liquidators ("JOLs"), VPC Impact Acquisition Holdings Sponsor II, LLC (the "Sponsor"), Brendan Carroll, Gordon Watson, Carly Altieri, John Martin, and Kai Schmitz (collectively, the "Individual Defendants") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated as of June 12, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement").

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rules 23(e)(1) and 23.1(c) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members for solely purposes of the Settlement.

2. **Proposed Class Certification for Settlement Purposes:** The Parties have proposed the certification of the following Settlement Class (the "Settlement Class") pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons who owned Class A common stock of the Company as of March 21, 2023 whose shares were redeemed, including their legal representatives, heirs, successors-in-interest, transferees, and assignees of all such holders, but excluding (i) the Company; (ii) the Sponsor; (iii) the Individual Defendants; (iv) any person who is, or was as of March 21, 2023, a trustee, officer, or director of the Sponsor; (v) the immediate family members, legal representatives, heirs, successors-in-interest, transferees, or assignees of any of the foregoing;

and (vi) any trusts, estates, entities, or accounts that held Class A shares for the benefit of any of the foregoing.

3. **Class Findings:** The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it likely will be able to certify the Settlement Class solely for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class under Rule 23 has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in this Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) individual actions would create a risk of inconsistent or varying adjudications with respect to individual class members that could create incompatible standards of conduct for Defendants or that could be dispositive of, or substantially impair or impeded, the ability of Class members to protect their interests. The Court further finds, pursuant to Rule 23(e)(1)(B)(ii), and for purposes of the Settlement only, that it likely will be able to certify Lead Plaintiff as a class representative of the Settlement Class, and Funicular Funds LP and Camac Fund, LP as additional class representatives (together, with Lead Plaintiff, the "Class Representatives"), and appoint Lead Counsel Morris Kandinov LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g).

4. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5.     **Settlement Fairness Hearing:** The Court will hold a settlement hearing (the "Settlement Fairness Hearing") on _____ , 2024, at __ : _.m., either in person at the United States District Court for the Southern District of New York, Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation, including with respect to the Plan of Allocation (as defined in the Notice) is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff and the other Class Representatives should be certified on behalf of the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the motion by Lead Plaintiff and Lead Counsel for an award of attorneys' fees, incentive award, and payment of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing or decide to hold the Settlement Fairness Hearing telephonically or by videoconference without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    **Retention of Settlement Administrator and Manner of Giving Notice**: Lead Counsel and the JOLs are hereby authorized to retain Epiq Corporate Restructuring (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement and facilitate the distribution of the Net Settlement Fund (as defined by the Stipulation). Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a)    not later than five (5) business days after the date of entry of this Order, the JOLs and Settlement Administrator shall obtain in electronic format a list (consisting of names, mailing addresses, and, if available, email addresses) of holders of Company Class A common stock who are part of the Settlement Class;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form attached hereto as **Exhibit 1**, to be provided to all Settlement Class Members through electronic means, where possible, substantially similar to the notices by the Settlement Administrator in *In re VPC Impact Acquisition Holdings II (In Official Liquidation),* Case No. 23-11551 (MEW) (Bankr. S.D.N.Y.), and by U.S. Mail as to all Settlement Class Members for whom electronic notice is not possible or authorized;

(c)    contemporaneously with the communication of the Notice, the Settlement Administrator shall cause the Notice, this Order, and other relevant materials relating to the Settlement to be posted on a website to be developed for the Settlement, from which copies of such materials can be downloaded by Settlement Class Members;

(d)    not later than ten (10) business days after the Notice Date, the Settlement Administrator shall cause the Summary Notice, substantially in the form attached hereto as

**Exhibit 2**, to be published once in the Investor's Business Daily and to be transmitted once over the Global Newswire or similarly distributed business wire; and

(e)     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such distribution and publication of the Notice.

8.     **Insurer Payment of Defense Costs and Settlement Amounts:**  The automatic stay imposed by sections 362 and 1520 of the Bankruptcy Code, to the extent applicable, is hereby modified to permit payment and/or reimbursement of Defense Costs and Settlement Consideration by the Insurers to or on behalf of the Insured Persons (as defined in the applicable D&O Policies), in accordance with the terms of the following D&O Policies:

| Layer | D&O Policy Description | Insurer | Policy Number |
|-------|----------------------|---------|---------------|
| 0 | D&O Liability- Primary | Indian Harbor Insurance Company | ELU173602-21 |
| 1 | D&O Liability- Excess D&O (1st Layer) | Lexington Insurance Company | 06-185-32-38 |
| 2 | D&O Liability- Excess D&O (2nd Layer) | Markel American Insurance Company | MKLM6EL0006486 |
| 3 | D&O Liability- Excess D&O (3rd Layer) | Texas Insurance Company | UXLD-TI-AFU-IL-010006-21-01 |

9.     **Approval of Form and Content of Notice:** The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed

Settlement (including the Releases to be provided thereunder), of the forthcoming motion for an award of attorneys' fees, incentive award, and litigation expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, incentive award, litigation expenses, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.     **Nominee Procedures:** Brokers and other nominees who purchased or otherwise acquired Company Class A common stock for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Notice, forward the Notice to all such beneficial owners, or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, mailing addresses and email addresses of all such beneficial owners to the Settlement Administrator in which event the Settlement Administrator shall promptly provide the Notice to such beneficial owners.

11.     **CAFA Notice:** The Defendants shall serve the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

12.      **Participation in the Settlement:** Settlement Class Members need not file a claims form to participate in the Settlement. Upon this Court's final approval of the Settlement and certification of the Settlement Class, Defendants will cooperate with the Settlement Administrator to transfer to all Settlement Class Members a pro rata portion of the Net Settlement Funds to the account in which such Settlement Class Members held Company Class A Shares. Lead Plaintiff has sought class certification pursuant to Fed. R. Civ. P. 23(b)(1), in which case Settlement Class Members may not seek exclusion from the Settlement Class, but may submit objections, if any, pursuant to the procedures set forth immediately below.

13.      **Appearance and Objections at Settlement Fairness Hearing:** Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Counsel set forth below, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct. Any Settlement Class Member may also file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, incentive award, and litigation expenses, and appear and show cause, if he, she, or it has any cause, as to any objection; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees, incentive award, and litigation expenses, unless that person or entity has filed a written objection with the Court and served copies on the following counsel no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

**Lead Counsel**

Morris Kandinov LLP
Aaron T. Morris, Esq.

305 Broadway, 7th Floor
New York, NY 10007
aaron@moka.law

**Defendants' Counsel**

Skadden, Arps, Slate, Meagher & Flom LLP
Julie E. Cohen
One Manhattan West
New York, New York 10001
Julie.Cohen@skadden.com

**Joint Official Liquidators' Counsel**

DLA Piper LLP (US)
R. Craig Martin
1251 Avenue of the Americas
New York, New York 10020
craig.martin@us.dlapiper.com

14.     Any objections, filings, and other submissions by an objecting Settlement Class Member must include: (1) the name of this proceeding; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of Company Class A common stock previously held by the objector and the dates of such holdings.

15.     Any Settlement Class Member who wishes to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees, incentive award, litigation expenses, must also file a notice of appearance with the Court and serve it on counsel listed in the paragraph above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance

the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees, incentive award, litigation expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees, incentive award, and litigation expenses, or from otherwise being heard concerning the foregoing.

17.     **Stay and Temporary Injunction:** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims (as defined in the Stipulation).

18.     **Settlement Administration Fees and Expenses:** All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court.

19.     **Settlement Fund:** The contents of the Settlement Fund shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of March 28, 2024.

21.     **Supporting Papers:** Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, incentive award, and payment of litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

22.     **Jurisdiction:** The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.


SO ORDERED this _____ day of _____ 2024.


_____
The Honorable Jed S. Rakoff
United States District Judge

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATG FUND II LLC, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 23-1978-JSR |
| v. | |
| VPC IMPACT ACQUISITION HOLDINGS SPONSOR II, LLC, BRENDAN CARROLL, GORDON WATSON, CARLY ALTIERI, JOHN MARTIN, JOSEPH LIEBERMAN, and KAI SCHMITZ, | |
| Defendants, | |
| -and- | |
| VPC IMPACT ACQUISITION HOLDINGS II, | |
| Nominal Defendant. | |

## [PROPOSED] JUDGMENT APPROVING
## CLASS ACTION AND DERIVATIVE SETTLEMENT

WHEREAS, the above-captioned class action and derivative litigation (the "Action") is pending in this Court;

WHEREAS, (a) lead plaintiff ATG Fund II LLC ("Lead Plaintiff"), on behalf of itself and the Class (as defined below); and (b) VPC Impact Acquisition Holdings II (the "Company"), VPC Impact Acquisition Holdings Sponsor II, LLC, Brendan Carroll, Gordon Watson, Carly Altieri, John Martin, and Kai Schmitz (collectively, "Defendants") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated as of June 12, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, the parties have agreed, solely for purposes of this Settlement, that the Settlement Class includes all persons who owned Class A common stock of the Company as of March 21, 2023 and their shares were redeemed, excluding Defendants and affiliated parties;

WHEREAS, by Order dated _____, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and that it would likely be able to certify the Settlement Class solely for purposes of the Proposed Settlement ; (b) ordered that notice of the proposed Settlement be provided to Settlement Class Members; (c) provided Settlement Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class regarding the Settlement;

WHEREAS, the Court conducted a hearing on _____ _____, 2024 (the "Settlement Fairness Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members solely for purposes of the Settlement.

2.    **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 12, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 12, 2024.

3.    **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees, incentive award and litigation expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees, incentive award and litigation expenses; and (v) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), as amended, and all other applicable law and rules.

4.    **Certification of the Settlement Class:** The Court hereby certifies the Settlement Class solely for purposes of this Settlement. The Court finds that each element required for certification of the Settlement Class under Rule 23 has been met: (a) the members of the Settlement Class are so numerous that their joinder in this Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are

typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) individual actions would create a risk of inconsistent or varying adjudications with respect to individual class members that could create incompatible standards of conduct for Defendants or that could be dispositive of, or substantially impair or impede, the ability of Class members to protect their interests. For purposes of the Settlement only, the Court further certifies Lead Plaintiff, Funicular Funds LP, and Camac Fund, LP (collectively, the "Class Representatives") as class representatives of the Settlement Class, and appoints Lead Counsel Morris Kandinov LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g).

5.  **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of litigating this action through summary judgment, trial, and appeal, the proposed means of distributing the Fund to the Settlement Class, and the proposed attorneys' fee award, incentive award, and litigation expenses; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members, as well as their respective successors and assigns.

8. **Releases:** The releases set forth in the Stipulation (including all relevant defined terms) are expressly incorporated herein in all respects, including with respect to the Lead Plaintiff, Defendants and Settlement Class Members. The releases are effective as of the Effective Date (as defined by the Stipulation). Accordingly, this Court orders that:

a. Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiff, the Class Representatives, and each of the other members of the Settlement Class, on behalf of themselves and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against the Company Released Parties, the Sponsor Released Parties, and the Individual Defendants Released Parties and each of their respective insurers, including any Unknown Claims, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against the Company Released Parties, the Sponsor Released Parties, and the Individual Defendants Released Parties in any forum, and in any jurisdiction.

b. Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, the Company, the Sponsor, and the Individual Party Defendants on behalf of themselves, and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Proceeding Released Claim, including any Unknown Claims, against Lead Plaintiff, the Class Representatives, and all members of the Settlement Class, and shall forever be barred and enjoined from prosecuting any or all such claims against Lead Plaintiff, the Class Representatives, or any member of the Settlement Class in any forum, in any jurisdiction.

c. Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, the Company on behalf of itself and its respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Sponsor Released Parties and the Individual Defendants Released Parties, and shall forever be barred and enjoined from prosecuting any or all such claims against the Sponsor Released Parties and the Individual Defendants Released Parties in any forum, in any jurisdiction.

d. Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, the Sponsor and Individual Party Defendants, on behalf of

themselves and their respective heirs, legal representatives, attorneys, advisors, executors, administrators, predecessors, trusts, trustees, parents, affiliates, subsidiaries, officers, directors, partnerships, partners, agents, employees, immediate family members, and assigns, in their capacities as such, shall be deemed to have, and by operation of law shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Proceeding Released Claim against the Company, and shall forever be barred and enjoined from prosecuting any or all such claims against the Company in any forum, in any jurisdiction. For the avoidance of doubt, the releases in this Clause do not apply to claims explicitly preserved by the terms of the Settlement Agreement, including, without limitation, any rights or claims arising under Clause 6.5 thereof.

9.      The releases in the preceding Paragraph 8 do not cover any claims by the Parties in relation to the enforcement of the Settlement Agreement or conduct occurring after the Effective Date.

10.     **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.     **Plan of Allocation:** The Court hereby authorizes and approves the Plan of Allocation set forth in the Notice.

12.     **CAFA:** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

13.     **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of

the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees, incentive award and/or litigation expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; and (e) the Settlement Class Members for all matters relating to the Settlement. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement:** Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or if the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of March 28, 2024.

16. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


SO ORDERED this _____ day of _____ 2024.

_____
The Honorable Jed S. Rakoff
United States District Judge